IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT,

                    Plaintiff,                                    **8:22CV293**

          vs.

DOUGLAS COUNTY NEBRASKA,                              **MEMORANDUM AND ORDER**

                    Defendant.

          Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis.  Filing No. 6.  The Court now conducts an initial review of Plaintiff's Complaint, Filing No. 1, and "Appendix," Filing No. 5, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

          Plaintiff filed her 107-page Complaint, including attachments, on August 12, 2022, Filing No. 1, followed by a 33-page Appendix on August 22, 2022, Filing No. 5.  Plaintiff names only Douglas County, Nebraska as the defendant in the caption, but her Complaint asserts claims against seventeen additional defendants (collectively "Defendants").  Filing No. 1 at 1, 6–9.  Essentially, Plaintiff is complaining she was evicted from a residence and alleged "religious study site" at 5403 Grand Avenue, Omaha, Nebraska, on August 26, 2019, as ordered by the County Court of Douglas County, Nebraska, and carried out by the Douglas County constable with the assistance of Omaha police officers.  In addition to suing Douglas County on a respondeat superior theory of liability, Plaintiff sues four county court judges (Defendants Lohaus, Lowe, Vaughn, and Forsberg), the clerk of the county court and the judicial administrator (Defendants Carlisle and Murtaugh), the

Douglas County constable (Defendant Ross), Omaha police officer Kenneth Porter and Other Unknown City of Omaha Police Officers[1] who assisted in Plaintiff's eviction, the property owner (Defendant Phillips), the property owner's relative who was present during the eviction (Defendant Biggs), the law firm representing the property owner (Defendant Chatelain and Maynard Law Firm), and the Douglas County sheriff and four deputies who allegedly did not respond to Plaintiff's telephone calls or otherwise come to her aid (Defendants Dunning, Parizek, Kramer, Miller, and Pankonin).   Plaintiff seeks $5,000,000,000 in damages.

This is the tenth case Plaintiff has filed in this Court regarding her eviction from the Omaha residence.[2]   One case was dismissed after Plaintiff failed to sign the complaint. *Knight v. Phillips et al.*, No. 8:21CV326.   Another case, *Knight v. Philips, et al.*, No. 8:21CV408, was allowed to proceed to service of process against the property owners on claims for breach of contract and conversion of personal property and remains pending. However, the other seven cases that proceeded to initial review were dismissed without leave to amend.   *See Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789 (D. Neb. June 13, 2019), *aff'd*, 798 F. App'x 971 (8th Cir. 2020); *Knight v. Chatelain*, No. 8:21CV378, 2021 WL 4805177 (D. Neb. Oct. 14, 2021); *Knight v. City of Omaha*, No.

---

[1] In a previous action, Plaintiff named Omaha police officers Vincent Tyler, Christopher Overton, Jamelle Ross, Vincent Taylor, and Eric Eaton as officers involved in her eviction on various dates.   Filing No. 1 at 7, 9–10, Case No. 8:21CV339.   "Although the writ of restitution was executed on August 26, 2019, Plaintiff returned to the premises and was cited for trespassing before finally being removed on September 16, 2019."  *Knight v. City of Omaha*, No. 8:21CV339, 2022 WL 704064, at *2 n.1 (D. Neb. Mar. 9, 2022).

[2] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  *Id.*  The Court can also sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue.  *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).  *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

8:21CV339, 2022 WL 704064 (D. Neb. Mar. 9, 2022); *Knight v. Biggs*, No. 8:21CV379, 2022 WL 716741 (D. Neb. Mar. 10, 2022); *Knight v. Biggs*, No. 8:22CV110, 2022 WL 1016475 (D. Neb. Apr. 5, 2022), *appeal dismissed*, No. 22-1980, 2022 WL 16835902 (8th Cir. June 16, 2022); *Knight v. City of Omaha*, No. 8:22CV111, 2022 WL 1016476 (D. Neb. Apr. 5, 2022); *Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305 (D. Neb. Aug. 15, 2022), *appeal dismissed*, No. 22-2992, 2022 WL 19702631 (8th Cir. Nov. 7, 2022). The most recent dismissal was entered on August 15, 2022, just three days after Plaintiff filed the present Complaint, and the Court concluded, "in light of the approximately eight lawsuits this court has entertained involving the same factual situation, many of the same parties, and many of the same claims," that the case should be dismissed with prejudice as frivolous. *Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305, at *6. Additionally, due to Plaintiff's failure to heed the Court's previous warnings about filing additional lawsuits regarding this same subject matter, *see Knight v. Biggs*, No. 8:22CV110, 2022 WL 1016475, at *2, the Court imposed restrictions barring Plaintiff from filing further pro se cases in this Court regarding her August 26, 2019 eviction from 5403 Grand Avenue in Omaha, Nebraska, without first seeking leave of court to do so. *Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305, at *7–8. The filing restriction imposed upon Plaintiff does not apply to this case as it operated prospectively. *See Id.* at *7 n.9.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

In all material respects, the claims asserted in Plaintiff's Complaint are duplicative of claims she asserted in Case Nos. 8:19CV206, 8:21CV339, 8:21CV378, 8:21CV379, and 8:22CV153, and involve many of the same defendants.  Given the previous dismissals in those cases, the Court "will not repeat its discussion of the various reasons why Plaintiff's Complaint fails to state a claim upon which relief may be granted, or why amendment would be futile." *Knight v. City of Omaha*, No. 8:22CV111, 2022 WL

1016476, at *1.  The Court will, however, briefly address some Defendants and claims that may not have been presented in Plaintiff's previous cases.

## A. Douglas County

Plaintiff seeks to hold Douglas County liable on a respondeat superior theory of liability for failing to train and supervise the various Douglas County government employees who allegedly violated Plaintiff's rights, as well as for failing to intervene in connection with the actions of the City of Omaha police officers involved in Plaintiff's eviction.  *See* Filing No. 1 at 4.  Plaintiff made similar allegations against the City of Omaha in *Knight v. City of Omaha*, No. 8:21CV339, 2022 WL 704064, and *Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305.  As explained in the latter case,

> [I]n *Knight v. City of Omaha*, No. 8:21CV339, 2022 WL 704064, Plaintiff also alleged that the City of Omaha, on a respondeat superior theory of liability, and Defendant Schmaderer, the Omaha chief of police, failed to train the police officers assisting with the eviction.  This court dismissed that complaint as subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) without leave to amend because Plaintiff's complaint "suffer[ed] from the same sort of pleading defects as Case Nos. 8:19CV206 and 8:21CV378"—two of Plaintiff's other cases challenging her eviction—and because "[n]one of the state and federal statutes, constitutional provisions, regulations, codes, or legal concepts string-cited by Plaintiff give rise to a plausible claim on the facts alleged."  *Id.* at *3 (plaintiff's complaint alleged, among many other things, that defendants violated the Fourth Amendment and the Takings Clause, engaged in terroristic threats, violated RICO and The Espionage Act, and committed state torts).

*Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305, at *4.

Because the same essential facts are alleged here, Plaintiff's claims against Douglas County suffer from the same defects as her previous claims against the City of Omaha identified above. Thus, the Court concludes Plaintiff's claims against Douglas County must be dismissed.

**B. Douglas County Sheriff Deputies Miller and Pankonin**

Douglas County Sheriff Deputies Chad Miller and John Pankonin have not been specifically named as defendants in any of Plaintiff's previous cases, but their names were mentioned in Case No. 8:21CV339 in conjunction with Plaintiff's claims against Douglas County Sheriff Timothy F. Dunning and Deputy Jon Kramer, who are also named as Defendants in this case. *See* Filing No. 1 at 13–14, Case No. 8:21CV339. As the Court previously explained in Case No. 8:21CV339, "Plaintiff's allegations that [these] county . . . officials failed to return her calls or respond to her complaints do not show there was any actionable wrongdoing, let alone a constitutional violation. These claims are patently frivolous." *Knight v. City of Omaha*, No. 8:21CV339, 2022 WL 704064, at *3 (citing *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("A complaint is frivolous when it lacks an arguable basis in either law or fact.")).

**C. Judge Forsberg**

Plaintiff accuses Douglas County Court Judge Grant A. Forsberg of acting without jurisdiction in holding a "sham hearing" in Douglas County Court Case No. CR19-23886 on October 15, 2019, in which the complaint falsely alleged Plaintiff committed damage to property. Filing No. 1 at 40–41. Plaintiff appears to assert claims of defamation and malicious prosecution under 42 U.S.C. § 1983 against Judge Forsberg based on his conduct in the Douglas County Court criminal proceedings against her. Filing No. 1 at 43.

"A § 1983 action cannot be predicated upon the theory of slander, defamation, or libel." *Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *11 (D. Neb. Sept. 16, 2019); *see also Wilder v. Sides*, No. 1:22-CV-00104-PLC, 2023 WL 22040, at *2 (E.D.

6

Mo. Jan. 3, 2023) (same) (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976) (determining that regardless of seriousness of "defamatory publications," the harm to plaintiff's reputation "did not deprive him of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States")). Also, "[i]t is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)); *see also Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983"). "[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law." *Sanders*, 984 F.2d at 977.

Regardless, Judge Forsberg would be immune from Plaintiff's claims on the facts alleged as Judge Forsberg was clearly acting in his judicial capacity in presiding over Plaintiff's county court criminal proceedings. A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete

7

absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090 91 (quoting *Schottel*, 687 F.3d at 373).  An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity."  *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice.  *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 57 (1978). Plaintiff's arguments that judicial immunity does not apply are meritless.

## IV. CONCLUSION

After careful review of Plaintiff's Complaint and Appendix, the Court concludes Plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  Furthermore, the Court will dismiss this matter with prejudice as it is frivolous for the same reasons discussed in the Court's August 15, 2022 Memorandum and Order in *Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305, at *6.  Plaintiff is reminded that she shall not file further pro se cases regarding her August 26, 2019, eviction from 5403 Grand Avenue in Omaha, Nebraska, without first seeking leave of the Court to do so.

IT IS THEREFORE ORDERED that:

1.      This case is dismissed with prejudice for failure to state a claim upon which relief may be granted and because it is frivolous pursuant to 28 U.S.C. § 1915(e)(2). Leave to amend Plaintiff's Complaint shall not be granted because such amendment would be futile.

2.      A separate judgment shall be entered.

Dated this 26th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge